RECEIVED AND FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO      2018 APR -4  AM 11: 47

CLERK'S OFFICE
U.S. DISTRICT COURT
SAN JUAN, PR

**UNITED STATES OF AMERICA,**
Plaintiff,

v.

**CRIMINAL NO. 17-019 (CCC)**

**GILBERTO ESCOBAR-LOPEZ,**
Defendant.

## PLEA AGREEMENT
(Pursuant to Rule 11(c)(1)(A) and (B) of the Federal Rules of Criminal Procedure)

TO THE HONORABLE COURT:

COMES NOW the United States of America, by and through its attorneys, Rosa Emilia Rodriguez-Velez, United States Attorney for the District of Puerto Rico, José Capo-Iriarte, Assistant United States Attorney, Chief of the Criminal Division, Julia Diaz-Rex, Assistant United States Attorney, Chief of the Narcotics Unit, and José A. Contreras, Assistant United States Attorney, and Gilberto Escobar-Lopez, Defendant, by and through defendant's counsel, Kehylis Y. Vazquez-Torres, pursuant to Rule 11(c)(1)(A) and (B) of the Federal Rules of Criminal Procedure and Local Rule 111, state to this Honorable Court, that they have reached an agreement, the terms and conditions of which are as follows:

**I.     COUNT TO WHICH DEFENDANT PLEADS GUILTY**

The defendant agrees to plead guilty to Count Seventeen of the Superseding Indictment.

Count Seventeen charges that the General Allegations in Paragraphs 1 through 8 are hereby re-alleged and incorporated by reference as if set forth in full herein. On or about January 5, 2017, in the District of Puerto Rico, elsewhere, and within the jurisdiction of this Court, the defendant knowingly and intentionally combined, conspired, and agreed with other

persons unknown to the Grand Jury, to commit the following crimes against the United States of America: knowingly and intentionally possess with the intent to distribute mixture or substances containing a detectable amount of testosterone propionate, boldenone undecylenate, stanozolol, testosterone propionate, nandrolone decanoate and nandrolone phenylpropionate, Schedule III narcotic controlled substances. All in violation of Title 21, United States Code, Section 846.

## II. FORFEITURE

Pursuant to Count Seventeen and Title 21, United States Code, Section 853, the defendant stipulates, acknowledges and agrees to forfeit to the United States the following: any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such offense and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offense.

If any of the property described above, as a result of any act or omission of the defendant: (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

## III. STATUTORY PENALTIES

The statutory penalty for Count Seventeen of the Superseding Indictment is a term of imprisonment of not more than ten (10) years, and a term of supervised release of at least two (2) years. The Court may also impose a fine not to exceed the greater of that authorized in

accordance with the provisions of Title 18, United States Code, or $500,000.

## IV. APPLICABILITY OF UNITED STATES SENTENCING GUIDELINES

The defendant is aware that pursuant to United States v. Booker, 543 U.S. 220 (2005), the United States Sentencing Commission Guidelines Manual ("Sentencing Guidelines") is no longer mandatory and is now advisory. The defendant acknowledges that the Court may impose a sentence in accordance with the applicable provision(s) of the Sentencing Guidelines and Title 18, United States Code, Section 3551. The defendant is further aware that parole has been abolished and that the imposition of sentence may not be suspended.

## V. SPECIAL MONETARY ASSESSMENT

The defendant agrees to pay a special monetary assessment of one hundred dollars ($100.00), per count of conviction, to be deposited in the Crime Victim Fund, pursuant to Title 18, United States Code, Section 3013.

## VI. FINES AND RESTITUTION

The defendant is aware that the Court may, pursuant to Section 5E1.2 of the Sentencing Guidelines, order the defendant to pay a fine sufficient to reimburse the government for the costs of any imprisonment, probation or supervised release ordered and may impose restitution. As part of this Plea Agreement, the defendant agrees to produce complete information regarding all restitution victims, and agrees to execute a financial statement to the United States (OBD Form 500). The United States will make no recommendations as to the imposition of fines.

### VII. RULE 11(c)(1)(B) WARNINGS

The defendant is aware that his sentence is within the sound discretion of the sentencing judge and the advisory nature of the Sentencing Guidelines - including the Sentencing Guidelines Policy Statements, Application Notes, and Background Notes. The defendant is aware that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for the offense to which the defendant pleads guilty. The defendant is aware that the court may accept or reject the Plea Agreement, or may defer its decision whether to accept or reject the Plea Agreement until it has considered the presentence report. Should the Court impose a sentence up to the maximum established by statute, the defendant cannot, for that reason alone, withdraw the guilty plea, and will remain bound to fulfill all of the obligations under this Plea Agreement.

### VIII. STIPULATION AS TO THE AMOUNT OF NARCOTICS

The United States of America and the defendant stipulate for purposes of this Plea Agreement that the defendant shall be accountable for conspiring to possess with the intent to distribute at least 2,500 but less 5,000 units of Schedule III substances.

IX.  **SENTENCING GUIDELINE CALCULATIONS**

The United States and the defendant agree to the following Sentencing Guidelines calculations for Count Seventeen:



| SENTENCING GUIDELINES CALCULATION | |
|---|---|
| GUIDELINE SECTION | LEVELS |
| Base Offense Level [USSG §2D1.1(c)(15)] | 10 |
| Acceptance of Responsibility [USSG §3E1.1(a)] | -2 |
| Offense Level | 8 |

X.  **NO STIPULATION AS TO CRIMINAL HISTORY CATEGORY**

The parties do not stipulate as to any Criminal History Category (CHC) for the defendant.



XI.  **SENTENCE RECOMMENDATION**

After due consideration of the relevant factors enumerated in Tile 18, <u>United States Code</u>, Section 3553(a), the parties agree to recommend a sentence at the **higher end** of the applicable guideline range for a total offense level of 8 when combined with defendant's criminal history category as determined by the Court.

XII. **WAIVER OF APPEAL**

The defendant knowingly and voluntarily agrees that, if the sentence imposed by the Court is within or below the guideline range for the total offense level calculated in this plea agreement when combined with the defendant's criminal history category as determined by the Court, the defendant waives the right to appeal any aspect of this case's judgment and sentence, including but not limited to the term of imprisonment or probation, restitution, fines, forfeiture, and the term and conditions of supervised release.

### XIII. NO FURTHER ADJUSTMENTS OR DEPARTURES

The United States and the defendant agree that no further adjustments or departures to the defendant's offense level or agreed upon sentence shall be sought by the parties. The parties agree that any request by the defendant for an adjustment or departure will be considered a material breach of this Plea Agreement. Any request by the defendant for a sentence below the applicable guideline range will be considered a material breach of this Plea Agreement.

### XIV. SATISFACTION WITH COUNSEL

The defendant represents to the Court to be satisfied with counsel, Kehylis Y. Vazquez-Torres, Esquire, and indicates that counsel has rendered effective legal assistance.



### XV. DISMISSAL OF REMAINING COUNT

The remaining counts of the Superseding Indictment will be dismissed at sentencing.

### XVI. RIGHTS SURRENDERED BY DEFENDANT THROUGH GUILTY PLEA

The defendant understands that by entering into this Plea Agreement he surrenders certain rights as provided in this agreement. The defendant understands that the rights of criminal defendants include the following:

    a)    If the defendant had persisted in a plea of not guilty to the charges, the defendant would have had the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if the defendant, the United States and the judge agree.

    b)    If a jury trial is conducted, the jury would be composed of twelve lay persons selected at random. The defendant and the defendant's attorney would assist in selecting the jurors by removing prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges. The jury would have to agree, unanimously, before it could return a verdict of either guilty or not guilty. The jury would be instructed that the defendant is presumed innocent, that it could not convict the defendant unless, after hearing all the evidence, it was persuaded of the defendant's guilt beyond a reasonable doubt, and that it was to consider each



        charge separately.

c)    If a trial is held by the judge without a jury, the judge would find the facts and, after hearing all the evidence and considering each count separately, determine whether or not the evidence established the defendant's guilt beyond a reasonable doubt.

d)    At a trial, the United States would be required to present its witnesses and other evidence against the defendant. The defendant would be able to confront those witnesses and defendant's attorney would be able to cross-examine them. In turn, the defendant could present witnesses and other evidence on defendant's own behalf. If the witnesses for the defendant would not appear voluntarily, defendant could require their attendance through the subpoena power of the Court.

e)    At a trial, the defendant could rely on the privilege against self-incrimination to decline to testify, and no inference of guilt could be drawn from the defendant's refusal to testify. If the defendant desired to do so, the defendant could testify on the defendant's own behalf.

## XVII. STIPULATION OF FACTS

The accompanying Stipulation of Facts signed by the defendant is hereby incorporated into this Plea Agreement. The defendant adopts the Stipulation of Facts and agrees that the facts therein are accurate in every respect and, had the matter proceeded to trial, the United States would have proven those facts beyond a reasonable doubt.

## XVIII. LIMITATIONS OF PLEA AGREEMENT

This Plea Agreement binds only the United States Attorney's Office for the District of Puerto Rico and the defendant; it does not bind any other federal district, state or local authority.

## XIX. AMENDMENTS TO PLEA AGREEMENT

No other promises, terms, or conditions will be entered into unless in writing and signed by all parties.

## XX. VOLUNTARINESS OF GUILTY PLEA

The defendant acknowledges that no threats have been made against him and that he is pleading guilty freely and voluntarily because he is guilty.

**ROSA EMILIA RODRÍGUEZ-VÉLEZ**
United States Attorney

_____
José Capo-Iriarte
Assistant United States Attorney
Chief, Criminal Division
Date: 2/27/18

_____
Julia Diaz-Rex
Assistant United States Attorney
Chief, Narcotics Unit
Date: 2/27/18

_____
José A. Contreras
Assistant United States Attorney
Date: 2/27/18

_____
Kehylis Y. Vazquez-Torres, Esq.
Counsel for the Defendant
Date: 4/4/18

_____
Gilberto Escobar-Lopez
Defendant
Date: 4-4-18

Wilfredo Díaz Narváez
Counsel for the Defendant
4-4-18

I have consulted with my counsel and fully understand all of my rights with respect to the Superseding Indictment pending against me. Furthermore, I have consulted with my attorney and fully understand my rights with respect to the provisions of the Sentencing Guidelines, including the Sentencing Guidelines Policy Statements, Application Notes, and Background Notes, which may apply in my case. I have read this Plea Agreement and carefully reviewed every part of it with my attorney. My counsel has translated the Plea Agreement and explained it to me in the Spanish language and I have no doubts as to the contents of the agreement. I fully understand this agreement and I voluntarily agree to it.

Date: 4-4-18

_____
Gilberto Escobar-Lopez
Defendant

I am the attorney for the defendant and I have fully explained defendant's rights to the defendant with respect to the pending Superseding Indictment. Furthermore, I have reviewed the provisions of the Sentencing Guidelines, including the Sentencing Guidelines Policy Statements, Application Notes, and Background Notes, and have fully explained to the defendant the provisions of those guidelines which may apply in this case. I have carefully reviewed every part of this Plea Agreement with the defendant. I have translated the Plea Agreement and explained it in the Spanish language to the defendant who has expressed having no doubts as to the contents of the agreement. To my knowledge, the defendant is entering into this agreement voluntarily, intelligently and with full knowledge of all consequences of defendant's plea of guilty.

Date: 4\4\18

_____
Kenylis Y. Vazquez-Torres, Esq.
Counsel for the Defendant    Counsel for the Defendant

## STIPULATION OF FACTS

In conjunction with the submission of the accompanying Plea Agreement in this case, the United States of America and the defendant, Gilberto Escobar-Lopez, agree that the following recitals provide a true and accurate summary of the facts leading to the defendant's acceptance of criminal responsibility for knowingly and intentionally conspiring to possess with the intent to distribute at least 2,500 but less 5,000 units of Schedule III substances, in violation of Title 21, United States Code, Sections 846.

The defendant was employed as a horse trainer at the Hipdromo Camarero, formerly known as El Nuevo Comandante, horse racing track located in Canovanas, Puerto Rico. As a horse trainer, the defendant was responsible for the day-to-day preparations involved in training a horse to run races, which included deciding how the horse was cared for, the animal's feeding and grooming regimen, and exercise schedule.

The United States Food and Drug Administration (FDA) was the federal agency charged with the responsibility of protecting the health and safety of the American public by ensuring, among other things, that drug products which were intended for use in animals were safe and effective for their intended uses and bore labeling containing only true and accurate information.

On November 18, 2016, Customs and Border Protection (CBP) inspected two wood crates, Air Waybill No. 810-09052514, which originated in Panama. The crates were subjected to a routine incoming border search when they entered the United States at the international cargo facility at the Miami International Airport (MIA). The crates final destination was Puerto Rico. During the inspection at MIA, CBP officers noticed the crates had false bottoms and contained illegal animal drugs and products. The crates were addressed to the defendant. The

Air Waybill stated the crates only contained equine equipment. Agents with the FDA searched the FDA's publicly available database of approved animal drugs and verified that all the animal drugs contained within the two wood crates were illegal, as they were not approved for use in animals in the United States.

On January 3, 2017, the defendant contacted CBP officers assigned to Luis Munoz Marin International Airport (LMMIA) and inquired about the status of the crates and asked when CBP would release them to him.

On January 4, 2017, CBP officers called the defendant and notified him that the crates would be available for pick up on January 5, 2017.

On January 5, 2017, the defendant arrived at the CBP Cargo Facility in Puerto Rico to pick up the crates. Agents approached the defendant and asked whether he was willing to speak to them about the crates he was picking up. The defendant agreed to speak with the agents. During the interview, the defendant stated he agreed to receive the crates from an acquaintance in Panama for the Clasico del Caribe horse race in Puerto Rico. He further stated that he knew the crates contained equine equipment and illegal animal drugs and products, but did not know the quantity. The defendant also stated that, in the past, he has used some of the illegal animal drugs and products that were contained within the crates.

For purposes of this plea agreement, the defendant acknowledges that he conspired to possess with the intent to distribute at least 2,500 but less 5,000 units of Schedule III substances.

At trial, the United States would have proven beyond a reasonable doubt that the defendant, Gilberto Escobar-Lopez, is guilty as charged of Count Seventeen of the Superseding Indictment by producing the narcotics seized, the packaging which contained the narcotics,

photographs, and testimony of law enforcement officers.

_____
José A. Contreras
Assistant United States Attorney
Dated: 2/27/18

_____
Kehyllis Y. Vazquez-Torres, Esq.
Counsel for the Defendant
Dated: 4/4/18

_____
Gilberto Escobar-Lopez
Defendant
Dated: 4-4-18

Wilfredo Diaz Narvaez, Esq.
Counsel for the Defendant
4-4-18